IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE and SOUTHERN ENVIRONMENTAL LAW CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant. | Civil Case No. __3:22-cv-34__<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.   The Freedom of Information Act ("FOIA") "was enacted in 1966 to establish a general philosophy of full agency disclosure . . . and to assure the availability of Government information necessary to an informed electorate." *S. Envtl. L. Ctr. v. Council on Envtl. Quality*, No. 3:18-CV-00113, 2019 WL 4417486, at *2 (W.D. Va. Sept. 16, 2019) (citation omitted). "The statute provides, subject to certain enumerated exemptions, that each federal agency upon a proper request for records 'shall make the records promptly available to any person.'" *Id*. (citing 5 U.S.C. § 552(a)(3)(A)). This suit challenges the United States Forest Service's prolonged failure to respond to three FOIA requests consistent with those obligations.

2.   All three requests relate to new and expanded "categorical exclusions" to National Environmental Policy Act ("NEPA") requirements finalized by the Forest Service in a November 2020 rulemaking. NEPA requires agencies to take a "hard look" at environmental effects before acting and to involve the public in decisionmaking. This occurs through preparation of environmental assessments or environmental impact statements. Agencies have limited authority

to create categorical exclusions, which allow federal agencies to bypass these requirements—but only for activities that do not individually or cumulatively risk significant effects no matter where they occur.

3. The November 2020 categorical exclusions would allow the Forest Service to authorize large commercial timber sales up to 2,800 acres, roadbuilding projects, and 20-acre "special uses," such as pipeline installation.

4. Defenders of Wildlife and other conservation groups challenged the Forest Service's promulgation of the new categorical exclusions. That litigation is pending in this Court. *See Clinch Coal. v. U.S. Forest Serv.*, No. 2:21-CV-00003 (W.D. Va. Jan. 8, 2021). Some of the long-delayed records sought under this Complaint are relevant to the claims raised in the *Clinch Coalition* litigation and overlap with a protracted dispute in that case over the adequacy of the administrative record.

5. Three FOIA requests are at issue in this litigation, and the oldest has been pending for almost three years. The first two—related to the development of the proposed rule and changes from the proposed to the final rule, respectively—were submitted by the Southern Environmental Law Center. The Forest Service has not responded to either of these requests as required by FOIA.

6. The most recent of the three FOIA requests was submitted by Defenders of Wildlife "in an effort to learn about projects the Forest Service is considering approving with [the] new [2020] Categorical Exclusions" and to obtain "information [that] would [typically] be developed and disclosed through the [environmental assessment] or [environmental impact statement] processes."

7. In order to protect conservation values on federal public lands, Defenders of Wildlife and similar groups must know where, why, and how the Forest Service intends to conduct logging and other projects early enough to influence them. When logging is approved under a categorical exclusion, conservation groups lack the time or the information to correct errors in the agency's reasoning, fill important site-specific knowledge gaps, or propose alternative courses of action which better protect their interests. With its FOIA request, Defenders of Wildlife sought information about where new categorical exclusions will be used so that it can allocate its own scarce resources appropriately and mitigate some of the harm caused by the use of the unlawful new categorical exclusions.

8. The Forest Service offered a series of excuses to avoid responding to Defenders of Wildlife's request as required by FOIA. After Defenders of Wildlife explained why the Forest Service's excuses were legally deficient and practically unworkable, the Forest Service stopped answering its inquiries.

9. Until recently, the Forest Service had placed a voluntary hold or internal approval process on the new categorical exclusions challenged in *Clinch Coalition,* including a requirement to involve the agency's Washington Office prior to notifying the public of its intention to use those categorical exclusions. On information and belief, the Forest Service did not approve any projects under the categorical exclusions subject to the hold while it was in place. On April 25, 2022, however, the Chief of the Forest Service instructed national forest units to use "the most responsibly expedient process available," including categorical exclusions "wherever appropriate," and specifically encouraged use of the 2020 categorical exclusion related to timber sales. This has added urgency to Plaintiffs' efforts to obtain information about the 2020 categorical exclusions.

10. To address the Forest Service's persistent efforts to avoid transparency and scrutiny regarding a major shift in agency policy, Plaintiffs seek a declaration that the Forest Service has violated FOIA with respect to all three requests and an order requiring the Forest Service to search for and provide all non-exempt, responsive documents without further delay.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552, 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201, 2202.

12. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Defenders of Wildlife and the Southern Environmental Law Center are "deemed to have exhausted [their] administrative remedies" because the Forest Service has "fail[ed] to comply with the applicable time limit provisions."

13. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B). The Southern Environmental Law Center is a 501(c)(3) nonprofit organization headquartered and residing in Charlottesville, Virginia. Upon information and belief, some agency records responsive to all three FOIA requests are located in Forest Service offices in the Western District of Virginia.

## PARTIES

### Plaintiff Defenders of Wildlife

14. Defenders of Wildlife ("Defenders") is a 501(c)(3), nonprofit public interest advocacy organization with members throughout the United States, including in the Western District of Virginia.

15. Defenders of Wildlife is a "person" for purposes of FOIA, 5 U.S.C. § 551(2).

16. Defenders of Wildlife uses public advocacy and the law to protect and restore imperiled species throughout North America by engaging the public and government at all levels to further its conservation mission. It uses public records to educate the general public, comment

on proposed agency actions, and advocate for legislative solutions to the threats facing North American wildlife.

## Plaintiff Southern Environmental Law Center

17. The Southern Environmental Law Center ("SELC") is a 501(c)(3), nonprofit public interest environmental legal organization with a focus on six southeastern states.

18. SELC is a "person" for purposes of FOIA, 5 U.S.C. § 551(2).

19. SELC uses public advocacy and the law to protect the people and the natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public information about activities affecting human health and the environment. SELC disseminates information to the general public through its website, *southernenvironment.org*, which is updated regularly, as well as press releases, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information.

## Defendant United States Forest Service

20. The United States Forest Service is an "agency" for purposes of FOIA. 5 U.S.C. § 551(1). The Forest Service has possession or control of the requested information.

## LEGAL BACKGROUND

### The Freedom of Information Act

21. The Freedom of Information Act, 5 U.S.C. § 552, "reflects 'a general philosophy of full agency disclosure' unless the government can prove that the requested information is exempt under the statute." *S. Envtl. L. Ctr. v. Council on Envtl. Quality*, 446 F. Supp. 3d 107, 109 (W.D. Va. 2020) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 360 (1976)). FOIA "shines a light on government operations 'to check against corruption and to hold the governors

accountable to the governed.'" *Id*. (quoting *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 818–19 (4th Cir. 2013).

22. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires federal agencies to "promptly" make records available upon request. 5 U.S.C. § 552(a)(3)(A). Agencies must "determine . . . whether to comply" with a request within 20 working days of receiving the request, and they must "immediately notify" the requester of that determination. *Id.* § 552(a)(6)(A); *S. Envtl. L. Ctr.*, 2019 WL 4417486, at *2 (stating the same).

23. To make a "determination" under FOIA, an agency must at least "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and . . . inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

24. Agencies may extend their deadline for responding by up to 10 working days if unusual circumstances apply and they provide timely notice to the requester. 5 U.S.C. § 552(a)(6)(B).

25. FOIA obligates the responding agency to make "reasonable efforts to search" for requested records. 5 U.S.C. § 552(a)(3)(C). Under FOIA, an agency bears the "burden of proof" to "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1245–46 (4th Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (internal marks omitted)).

**Department of Agriculture FOIA Regulations**

26. The Forest Service is housed within the U.S. Department of Agriculture ("USDA") and is subject to USDA's FOIA regulations. Those regulations explain that if "responsive records are likely to reside within more than one USDA component, the requester should submit the request to the USDA Departmental FOIA office." 7 C.F.R. § 1.3(a)(1). Those regulations further explain that if "a requester cannot determine where within the USDA to send a request, he or she . . . may send the request to the Departmental FOIA Officer, who will route the request to the component(s) believed most likely to maintain the records requested." *Id*. § 1.3(a)(3).

**FACTS**

**Defenders of Wildlife's 2022 FOIA Request**

27. Of the three FOIA requests that are the subject of this Complaint, the most recent was submitted by Defenders of Wildlife on February 22, 2022, seeking all records created since December 21, 2020, related to the agency's use of three categorical exclusions finalized in November 2020 and now codified at 36 C.F.R. §§ 220.5(e)(3), (24), and (25), including information about projects that may be authorized under them. A copy of this FOIA request is attached as Exhibit 1.

28. In its request, Defenders explained that information historically provided through the preparation of environmental assessments and environmental impact statements "has been critical in helping us fulfill our mission of protecting and restoring species and their habitats." Defenders further explained that use of the new categorical exclusions would result in reduced "public involvement, information sharing, and analysis." Accordingly, Defenders sent its request:

in an effort to learn about projects the Forest Service is considering approving with these new Categorical Exclusions. Typically, some of the information we seek would be developed and disclosed through the [environmental assessment] or [environmental impact statement] processes. Since those processes will no longer be available for these projects we are forced to resort to FOIA.

29.  Defenders sent its request to the Forest Service Departmental FOIA Officer as instructed by USDA's FOIA regulations, 7 C.F.R. § 1.3(a)(1).

30.  The Forest Service responded by email asking Defenders of Wildlife's Southeast Program Director Ben Prater to "identify what office in the United States Forest Washington Office has the government record you are seeking."

31.  Mr. Prater responded by explaining that he was trying to submit the request consistent with USDA's FOIA regulations and the "Forest Service's FOIA Contact Service Centers website which does not get more specific than asking me to direct the request to the Washington Office generally." He explained: "I do not know all of the suboffices within the Forest Service's Washington Office so I don't know how exactly to answer your question." But he asked if he could "clarify something about my request that would help you appropriately route it within the Washington Office."

32.  The Forest Service responded the next day, with no mention of its previous request for Mr. Prater to identify a suboffice within the Forest Service's Washington Office. Instead, the agency provided links to publicly available webpages and asked Mr. Prater to "[p]lease clarify your request to only request specific information that is not currently publicly available."

33.  Mr. Prater explicitly made this clarification later that day. He also asked the Forest Service to "confirm that I do not need to identify suboffices within the Washington Office to process this request."

34. The Forest Service never responded to Mr. Prater's request for confirmation. However, in its next email, it again pointed Mr. Prater to the same publicly available websites it had provided previously and asked Mr. Prater to "identify the name of the individual project that you seek further records for that are not available online and we can work with you to route it to the proper office."

35. Mr. Prater responded that his request was not limited to information about projects listed on the Forest Service's public webpages. Instead, it encompassed projects that were under development but not yet listed on the agency's webpages, as well as guidance, instructions, and memoranda relevant to the agency's decisions whether and when to use the new categorical exclusions. Mr. Prater explained that he was sending his FOIA request to try to "identify projects that may use [the 2020 categorical exclusions], in part, so [Defenders of Wildlife] can allocate our resources as needed to engage in project development at times when we are most likely to be able to change projects to avoid significant impacts to rare species." He further explained that those engagement opportunities will often have passed by the time projects are posted on the Forest Service's webpages.

36. About a week later, the Forest Service responded with language almost identical to its prior response, again referring Mr. Prater to its publicly available webpages.

37. On March 14, 2022, Mr. Prater responded by re-explaining why the agency's approach was legally and practically insufficient, including by providing specific examples of records that would be unlawfully denied. Mr. Prater pointed out several Forest Service projects that were not listed on the agency's website until *after* all opportunities for public participation had expired. Mr. Prater concluded his correspondence by stating:

I'm happy to work with you as much as I can to ease the burden on your end and ensure the requested documents are provided as promptly as possible, but your proposal is not acceptable. Could I provide search terms or something else to aid your response?

38. As of the date of this Complaint, the Forest Service has failed to respond.

39. Plaintiffs are aware that responsive documents exist, both within the Western District of Virginia and elsewhere, but such documents are not currently publicly available.

### SELC's 2020 FOIA Request

40. The Forest Service's refusal to provide records as required by FOIA in response to Defenders of Wildlife's request was not the first time the agency had failed to fulfill a FOIA request related to its November 2020 categorical exclusions rulemaking. On September 28, 2020, SELC submitted a FOIA request seeking communications among the Council on Environmental Quality ("CEQ"), the Forest Service, and the Office of Management and Budget ("OMB") relating to the impact and influence of a separate NEPA rulemaking finalized by CEQ on the Forest Service's development of its 2020 categorical exclusions ("SELC's 2020 request"). The Forest Service assigned SELC's 2020 request reference number 2020-FS-WO-06569-F. A copy of this FOIA request is attached as Exhibit 2.

41. Between December 16, 2020, and February 23, 2021, SELC staff exchanged emails with Forest Service official Eileen Harke confirming the scope of SELC's 2020 request.

42. On October 17, 2021, Ms. Harke emailed SELC attorney Sam Evans to confirm that SELC was still interested in pursuing the records subject to SELC's 2020 request. Mr. Evans responded by confirming SELC's ongoing interest in the records described in SELC's 2020 request and asked for an estimated response time.

43. On November 13, 2021, Ms. Harke emailed Mr. Evans acknowledging receipt of his prior email. The Forest Service has not since communicated with SELC about its 2020 request.

44. As of the date of this Complaint, the Forest Service has failed to respond to the SELC's 2020 request or provide any of the requested records.

## SELC's 2019 FOIA Request

45. Even earlier, on June 20, 2019, SELC submitted to the Forest Service a FOIA request seeking 24 categories of documents relating to the agency's development of the 2020 categorical exclusions ("SELC's 2019 request"). A copy of this FOIA request is attached as Exhibit 3.

46. On June 21, 2019, the Forest Service confirmed receipt of SELC's 2019 request and assigned it reference number 2019-FS-WO-04832-F.

47. Between September 2019 and April 2021, SELC received responses to two of the 24 categories of documents listed in its 2019 request. Those categories are listed as Items 7 and 24 in SELC's 2019 request.

48. On August 21, 2020, Mr. Evans discussed outstanding portions of the request with Forest Service officer Melissa Darr by phone, who emailed Mr. Evans later that day asking for a list of the items he would like the Forest Service to prioritize as it processed the request.

49. Mr. Evans subsequently responded to Ms. Darr by email, asking that the Forest Service prioritize producing information in response to eight of the outstanding categories identified in SELC's 2019 request. Mr. Evans also narrowed some of the categories in light of events that had occurred since the request was submitted. Ms. Darr replied to confirm receipt.

50. On January 28, 2021, Ms. Darr emailed Mr. Evans about the outstanding high-priority items, asking how SELC wanted to proceed "given then [sic] new administration."

51. Mr. Evans responded to Ms. Darr the same day with a narrowed list of requested items and formally striking all other items from SELC's 2019 request. As narrowed, SELC's request seeks information related to the development of the 2020 categorical exclusions; information related to the agency's assessment of activities eligible for categorical exclusion authorization under 40 C.F.R. § 1507.3(b); and information related to projects the agency used to substantiate the new categorical exclusions. The narrowed request is reflected in Exhibit 4.

52. On August 24, 2021, Mr. Evans emailed Ms. Darr to check on the status of SELC's 2019 request. As of this Complaint's filing, that email has not been answered.

53. The Forest Service has not communicated with SELC about its request since January 28, 2021. Like the request sent by Defenders of Wildlife, and SELC's 2020 request, the Forest Service has not provided any records responsive to the outstanding portions of SELC's 2019 request.

## CLAIMS FOR RELIEF

**COUNT 1: FOIA Violations Related to the Request Submitted by Defenders of Wildlife**

54. Plaintiffs incorporate by reference paragraphs 1 through 53 of this Complaint as if fully stated herein.

55. More than 20 working days have passed since the submission of Defenders of Wildlife's FOIA request.

56. The Forest Service has not made a "determination" as required by 5 U.S.C. § 552(a)(6)(A) for the request submitted by Defenders of Wildlife.

57. The Forest Service has violated FOIA by failing to conduct a reasonable search as required by 5 U.S.C. § 552(a)(3)(C) for records responsive to the request submitted by Defenders of Wildlife.

58. The Forest Service has violated FOIA by failing to provide Defenders of Wildlife with all non-exempt records responsive to its FOIA request.

59. By failing to conduct a reasonable search and provide Defenders of Wildlife with all non-exempt records responsive to its FOIA request, the Forest Service has denied Defenders of Wildlife's right to this information as provided by law under FOIA.

60. Unless enjoined by this Court, the Forest Service will continue to violate Defenders of Wildlife's legal right to be timely provided with the information that it requested in its FOIA request.

61. Defenders of Wildlife is directly and adversely affected and aggrieved by the Forest Service's failure to provide responsive records to its FOIA request, as described above.

### COUNT 2: FOIA Violations Related to SELC's 2020 Request

62. Plaintiffs incorporates by reference paragraphs 1 through 53 of this Complaint as if fully stated herein.

63. More than 20 working days have passed since the submission of SELC's 2020 FOIA request.

64. The Forest Service has not made a "determination" as required by 5 U.S.C. § 552(a)(6)(A) for SELC's 2020 FOIA request.

65. The Forest Service has violated FOIA by failing to conduct a reasonable search as required by 5 U.S.C. § 552(a)(3)(C) for records responsive to SELC's 2020 FOIA request.

66. The Forest Service has violated FOIA by failing to provide SELC with all non-exempt records responsive to its 2020 FOIA request.

67. By failing to conduct a reasonable search and provide SELC with all non-exempt records responsive to its 2020 FOIA request, the Forest Service has denied SELC's right to this information as provided by law under FOIA.

68. Unless enjoined by this Court, the Forest Service will continue to violate SELC's legal right to be timely provided with the information that it has requested in its 2020 FOIA request.

69. SELC is directly and adversely affected and aggrieved by the Forest Service's failure to provide responsive records to its 2020 FOIA request, as described above.

### COUNT 3: FOIA Violations Related to SELC's 2019 Request

70. Plaintiffs incorporates by reference paragraphs 1 through 53 of this Complaint as if fully stated herein.

71. More than 20 working days have passed since the submission of SELC's 2019 FOIA request.

72. The Forest Service has not made a "determination" as required by 5 U.S.C. § 552(a)(6)(A) for SELC's 2019 FOIA request.

73. The Forest Service has violated FOIA by failing to conduct a reasonable search as required by 5 U.S.C. § 552(a)(3)(C) for records responsive to the outstanding portions of SELC's 2019 FOIA request.

74. The Forest Service has violated FOIA by failing to provide SELC with all non-exempt records responsive to the outstanding portions of its 2019 FOIA request.

75.     By failing to conduct a reasonable search and provide SELC with all non-exempt records responsive to the outstanding portions of its 2019 FOIA request, the Forest Service has denied SELC's right to this information as provided by law under FOIA.

76.     Unless enjoined by this Court, the Forest Service will continue to violate SELC's legal right to be timely provided with the information that it has requested in the outstanding portions of its 2019 FOIA request.

77.     SELC is directly and adversely affected and aggrieved by the Forest Service's failure to provide responsive records to its 2019 FOIA request, as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     DECLARE that the Forest Service has violated and is continuing to violate FOIA by failing to make a timely "determination" as required by 5 U.S.C. § 552(a)(6)(A) for each of Plaintiffs' requests;

B.     DECLARE that the agency has violated and is continuing to violate FOIA by failing to complete an adequate search for records in response to each of Plaintiffs' requests;

C.     DECLARE that the agency has violated and is continuing to violate FOIA by failing to provide Plaintiffs with all non-exempt documents responsive to each of Plaintiffs' requests;

D.     DIRECT the agency to search for and provide all non-exempt, responsive documents to Plaintiffs without further delay;

E.     RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of the agency's search for responsive documents or on assertions by the agency that any responsive documents are exempt from disclosure;

F.	With respect to each of the three requests, ORDER the agency to produce indices identifying any documents or parts thereof that it withholds and the basis for the withholdings pursuant to 5 U.S.C. §§ 552(a)(8) and 552(b), in the event that the Forest Service determines that certain responsive records are exempt from disclosure;

G.	AWARD Plaintiffs their reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

H.	GRANT any other relief the Court deems just and proper.


Respectfully submitted this 8th day of June, 2022.

/s/ Spencer Gall
Spencer Gall
V.A. Bar No. 95376
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett St, Suite 400
Charlottesville, VA 22902
Telephone: 434-977-4090
Facsimile: 434-977-1483
sgall@selcva.org

/s/ Susannah Knox
Susannah Knox (*pro hac vice forthcoming*)
N.C. Bar No.41369
SOUTHERN ENVIRONMENTAL LAW CENTER
48 Patton Ave, Suite 304
Asheville, NC 28801
Telephone: 828-258-2023
Facsimile: 828-258-2024
sknox@selcnc.org

/s/ J. Patrick Hunter
J. Patrick Hunter (*pro hac vice forthcoming*)
N.C. Bar No. 44485
SOUTHERN ENVIRONMENTAL LAW CENTER
48 Patton Ave, Suite 304
Asheville, NC 28801
Telephone: 828-258-2023
Facsimile: 828-258-2024

phunter@selcnc.org

/s/ Henry Gargan
Henry Gargan (*pro hac vice forthcoming*)
N.C. Bar No. 58202
SOUTHERN ENVIRONMENTAL LAW CENTER
48 Patton Ave, Suite 304
Asheville, NC 28801
Telephone: 828-258-2023
Facsimile: 828-258-2024
hgargan@selcnc.org

*Attorneys for Defenders of Wildlife and Southern Environmental Law Center*