# Exhibit 2

FOIA Request from Southern
Environmental Law Center to
the USFS on September 28,
2020

# SOUTHERN ENVIRONMENTAL LAW CENTER

Telephone 828-258-2023                                     48 PATTON AVENUE, SUITE 304                                     Facsimile 828-258-2024
                                                           ASHEVILLE, NC 28801-3321

September 28, 2020

**Via Electronic Mail and U.S. Mail**

USDA FS, FOIA Service Center
1400 Independence Avenue, SW
Mail Stop:  1143
Washington, DC 20250-1143
wo_foia@fs.fed.us

**Re:**     **Freedom of Information Act Request for Records Relating to Revised NEPA
            Procedures**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and 7 C.F.R. Part
1, Subpart A, the Southern Environmental Law Center ("SELC") hereby requests the following
documents or other public records, to the extent they are in the custody of the Washington Office
of the United States Forest Service ("USFS") and were generated or received between January 1,
2018, and the present:

- All records of communications between USFS and either the Council on
  Environmental Quality ("CEQ") or the Office of Management and Budget
  ("OMB") related to any effect or influence—legal, practical, or otherwise—of
  CEQ's rulemaking process to revise its regulations for implementing the National
  Environmental Policy Act ("CEQ NEPA Rule")[1] on the ongoing USFS
  rulemaking process to revise 36 C.F.R. Part 220 ("USFS NEPA Rule"). Such
  records of communications include but are not limited to those which discuss,
  document, or otherwise refer to any additions, subtractions, or changes considered
  or made to the USFS NEPA Rule that were necessitated, prompted, influenced, or
  otherwise caused by the CEQ NEPA Rule; and

- All guidance, memoranda, instructions, or interpretive materials, whether formal,
  informal, final, or draft, from CEQ, the United States Department of Justice
  ("DOJ"), OMB, the United States Department of Agriculture ("USDA"), or the
  USFS Washington Office, to any officer, employee, or consultant of USFS,
  relating to the implementation of or transition to the USFS NEPA Rule, the CEQ
  NEPA Rule, or both.

---

[1] This being the same rulemaking process which culminated in the final rule published on July 16, 2020
(85 Fed. Reg. 43,304) ("CEQ NEPA Rule").

Charlottesville  •  Chapel Hill  •  Atlanta  •  Asheville  •  Birmingham  •  Charleston  •  Nashville  •  Richmond  •  Washington, DC

*100% recycled paper*

Please include records up to the date that the agency commences its search for responsive records.  If you take the position that any of the above-described public records or portions thereof are not available under FOIA, please explain the basis for your position and justify any withholdings or redactions by reference to specific FOIA exemptions, identifying any reasonably foreseeable harm that would be caused by disclosure.

To reduce the administrative burden on the Forest Service and minimize costs of printing and copying, we request that the requested materials be produced electronically if possible.  Please ensure that electronic files preserve all associated "metadata" such as tracked edits, spreadsheet formulas, document title or description, authorship, date of creation or edits, "tags," or filename and path. Electronic documents may be produced on external hard drives, external USB "thumb drives" or "flash drives," or by other means compatible with commonly available technology.  We are happy to arrange transmission of documents over web-based document sharing services such as Sharefile.  For any documents that cannot be provided electronically, we request hard copies of the documents.

SELC is a noncommercial requester, with no financial interest in the requested records, and is therefore not subject to review costs. If search and/or copy fees will be incurred in connection with this request, we request that they be waived as authorized by FOIA at 5 U.S.C. § 552(a)(4)(A)(iii) and by the Department of Agriculture's FOIA implementing regulations at 7 C.F.R. Part 1, Subpart A, Appendix A.

The FOIA provides that "[d]ocuments *shall* be furnished without any charge or at a charge reduced below the fees established ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[2] Congress' stated main purpose in amending the FOIA in 1986 was "to remove any roadblocks and technicalities which have been used by various Federal agencies to deny waivers or reductions of fees under FOIA."[3] Congress intended the amendment to the FOIA's public interest provision "to be liberally construed in favor of waivers for noncommercial requesters."[4] "[T]he presumption should be that requesters in these categories are entitled to fee waivers,

---

[2] 5 U.S.C. § 552(a)(4)(A)(iii) (2006) (emphasis added).

[3] 132 CONG. REC. S16,496 (Oct. 15,1986) (statement of Sen. Leahy).

[4] *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003); *McClellan Ecological Seepage Situation v. Carlucci*, 853 F.2d 1282, 1284 (9th Cir. 1987) (both quoting 132 CONG. REC. S14,298 (Sept. 20 1986) (statement of Sen. Leahy)).

especially if the requesters will publish the information or otherwise make it available to the general public."[5]

The Southern Environmental Law Center is a 501(c)(3) non-profit organization working to protect the southern environment, including our public lands, wildlife, old growth forests, and rare ecosystems. SELC has many years of experience in educating the public and sharing information regarding public lands in the southeast, and our attorneys are frequently interviewed by the media to explain their work and its significance. We also educate the public by speaking at conferences and other public meetings about protection and restoration of wildlands, forests, and waters of the Southern Appalachians.

Disclosure of the requested records will make a significant contribution to public understanding. The revision of and transition to revised NEPA procedures for USFS projects is a matter of significant public interest. SELC will share these records and derivative work based on these records with the interested public and media.

The Forest Service will grant a FOIA fee waiver request if disclosure is in the public interest.[6]  Although the Forest Service lacks discretion to impose a stricter test than the statutory standard for fee waivers, it applies that test by considering the following criteria, which we address below:

(i) The subject of the request, i.e., whether the subject of the requested records concerns "the operations or activities of the government";

(ii) The informative value of the information to be disclosed, i.e., whether the disclosure is "likely to contribute" to an understanding of government operations or activities;

(iii) The contribution to an understanding of the subject by the general public likely to result from disclosure, i.e., whether disclosure of the requested information will contribute to "public understanding";

(iv) The significance of the contribution to public understanding, i.e., whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities;

[5] *Ettlinger v. FBI*, 596 F. Supp. 867, 873 (D. Mass. 1984) (quoting legislative history).

[6] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a).

3

(v) The existence and magnitude of a commercial interest, i.e., whether the requester has a commercial interest that would be furthered by the requested disclosure; and,

(vi) The primary interest in disclosure, i.e., whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."[7]

All of these factors weigh in favor of the grant of a fee waiver.  First, the requested records "concern 'the operations or activities of the government.'"[8]  The Forest Service is a federal government agency, and the requested records concern major federal rulemakings affecting decisionmaking on federal public lands.   The requested information thus satisfies the first fee waiver factor.[9]

Second, the requested records have informative value, as they will illuminate the Forest Service's operations and activities on matters of public significance.[10]  The public has a strong interest in how the Forest Service understands its obligations under NEPA to provide notice and opportunities for public involvement in decisions affecting public lands.

Third, disclosure of the requested information is likely to result in greater public understanding on these matters.[11]  SELC routinely shares information concerning the activities and operations of government agencies, including information concerning the Forest Service, via their websites, press releases, public comments, published reports, in-person presentations, interviews with the media, and direct communications with other interested organizations.[12]  SELC will review and analyze the information provided in response to this request and share this information and its analysis with its supporters, other interested organizations, members of the press, and the general public through these various mediums.   Given the nature of the

---

[7] *Id.* § 6(a)(1).

[8] *Id.* § 6 (a)(1)(i).

[9] *See, e.g.*, *Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1178 (10th Cir. 2005) (holding that release of records regarding the scope of BLM's permit program concerns the operations or activities of BLM).

[10] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(ii).

[11] *Id.* § 6(a)(iii).

[12] *See, e.g.*, Southern Environmental Law Center, *Atlantic Coast Pipeline Decision Puts National Forests at Risk, https://www.southernenvironment.org/news-and-press/press-releases/atlantic-coast-pipeline-decision-puts-national-forests-at-risk*.

information sought and the high level of public interest it is likely that disclosure of the requested information will contribute to public understanding.[13]

Fourth, the contribution to public understanding is likely to be significant.  The requested records are not currently available to the public, and they will help the public understand how the Forest Service interprets its NEPA compliance obligations in light of the CEQ NEPA Rule and how the Forest Service will transition to the new rules for a wide variety of projects.

As to the final two factors, SELC has no commercial interest in the disclosure.[14]  SELC is a 501(c)(3) nonprofit organization devoted to the public interest, and we seek these records solely to understand better, and to increase public understanding of, the Forest Service's process in reviewing project objections and determining if those objections are adequate.

If you have any questions, please do not hesitate to contact me.  I am happy to work with you to facilitate the prompt production of these public records.  Thank you in advance for your assistance.

Sincerely,

Glenn Kern
Associate Attorney
Southern Environmental Law Center
48 Patton Avenue, Suite 304
Asheville, NC  28801
(828) 258-2023
gkern@selcnc.org

---

[13] *Cf. Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1180 (10th Cir. 2005) (online newsletter, email lists and website help show that requested information is likely to contribute to public understanding); *D.C. Tech. Assistance Org. v. U.S. Dep't of Housing & Urban Dev*., 85 F. Supp. 2d 46, 49 (D.D.C. 2000) (noting that "technology has made it possible for almost anyone to fulfill th[e] requirement" that requested documents will likely contribute to an understanding of government activities or operations).

[14] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(v)-(vi).